PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| ALI MOSHIR, | ) | |
| --- | --- | --- |
| | ) | CASE NO. 4:17CV2057 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEOCC, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

This case has been transferred from the United States District Court for the Western District of New York. *See* Decision and Order (ECF No. 4). *Pro se* Plaintiff Ali Moshir, an inmate at the Northeast Ohio Correctional Center ("NEOCC") at the time he filed this *in forma pauperis* civil rights action against Defendants NEOCC, Corrections Corporation of America ("CCA")/Core Civic, Warden, HSA Hivner, Mr. Walkame, the State of Ohio, Mahoning County, Ohio, the federal government, and "any and all that would be added to have been involved, contributing, *etc.* as directly or indirectly," alleges in his Complaint (ECF No. 1) that Defendants denied his request to adjust the temperature in his cell. ECF No. 1 at PageID#: 5. Plaintiff seeks one billion dollars in damages. *Id.*

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* if the prisoner, on three or more prior occasions while incarcerated, brought a civil action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which relief could be granted, absent allegations suggesting that he is in imminent danger of serious

(4:17CV2057)

physical injury. 28 U.S.C. § 1915(g). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. Aug. 20, 2008). Past allegations of danger, as well as allegations "that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. May 15, 2012).

Plaintiff has on at least three prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).[1] Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. The basis for Plaintiff's action is the level at which the air conditioning was set in the medical unit where he was housed. ECF No. 1 at PageID#: 5. Plaintiff contends his cell was "freezing cold." *Id.* The materials attached to his pleading indicate that he asked for the temperature in his cell to be adjusted to eighty (80) degrees. *Id.* at PageID#: 12. Plaintiff's request was denied. *Id.* at PageID#: 5. Plaintiff was told that the temperature in the medical unit was set off of one thermostat, that it would not be changed as he requested, and that if he was cold he could request more blankets. *Id.* at PageID#: 12. Upon review, the Court does not find

---

[1] *See Moshir v. NEOCC, et al.*, Case No. 4:17CV1106 (N.D. Ohio Aug. 31. 2017) (Pearson, J.); *Moshir v. Valentine*, Case No. 4:17CV1459 (N.D. Ohio Aug. 31, 2017) (Pearson, J.); *Moshir v. NEOCC, et al.*, Case No. 4:17CV1480 (N.D. Ohio Oct. 13, 2017) (Pearson, J.).

(4:17CV2057)

that Plaintiff's allegations in this case reasonably suggest that he was in "imminent danger of serious physical injury" at the time he filed his Complaint.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to proceed with this case, he must pay the full filing fee of $400.00 and file a motion to re-open. The Clerk's Office is directed not to accept a motion to re-open, or any additional documents for filing in this case, unless the filing fee is paid in full.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| November 28, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |